# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Wagner, Robert Duane, Debtor.

Case No. 25-42869 KAC
Chapter 13

*RECEIVED OCT 10 2025 TIME: _____ CLERK, U.S. BANKRUPTCY COURT MINNEAPOLIS, MINNESOTA*

## MOTION FOR RECONSIDERATION OF ORDER LIFTING AUTOMATIC STAY

Debtor, Wagner, Robert Duane, pro se, moves under Fed. R. Bankr. P. 9023 and 9024 (Fed. R. Civ. P. 59(e)/60(b)) for reconsideration of the Order dated October 8, 2025, granting relief from the automatic stay to U.S. Bank National Association. Grounds: manifest error of law and manifest injustice.

*Hearing: 10-22-2025 @ 11:00AM* (handwritten)

### FACTS

1. Debtor filed Chapter 13 on September 3, 2025, triggering the automatic stay (11 U.S.C. § 362).

2. Fairway Independent Mortgage Corporation originated the mortgage; U.S. Bank National Association took over, claiming a debt. A foreclosure sale occurred on January 21, 2025, with the redemption period ending July 21, 2025 (Minn. Stat. § 580.23).

3. Debtor requested debt validation from U.S. Bank in September/November 2023 (documents available but not introduced in bankruptcy); U.S. Bank's non-compliance prompted agency complaints.

4. Debtor sent Debt Validation Letters to U.S. Bank (tracking: 7022 1670 0001 5059 6157) and Fairway (tracking: 7022 3330 0001 7328 4108), received October 6, 2025, demanding verification under FDCPA (15 U.S.C. § 1692g) and TILA (15 U.S.C. § 1601), with a 10-day response deadline (by ~October 16, 2025) and 30-day review period. [Exhibit A: Cover Sheet and Letters and Tracking].

5. Debtor filed complaints with nine agencies (e.g., CFPB 250929-24518828). [Exhibit A: Cover Sheet and Letters and Tracking].

6. At the October 8, 2025, hearing, Debtor defended stay relief but could not address irregular income—cash jobs in property management, IT, computer consulting, and computer tutoring since 2024, without a bank account for 8–10 months—or 2023 validation documents due to time constraints, focusing instead on the affidavit's insufficiency.

7. The Court relied on an affidavit from U.S. Bank's counsel (Liebo, Weingarden, Dobie & Barbee, P.L.L.P.), stating mortgage paperwork satisfies FDCPA requirements. Counsel testified this is "all that is needed."

8. Post-hearing, the law firm pursues eviction, risking Debtor's possession of the property.

9. Debtor missed the debtor education course deadline but is rescheduling for next week.

**ARGUMENT**

1. **Manifest Error of Law:** The Court erred by accepting the attorney's affidavit as sufficient verification under FDCPA § 1692g, which requires substantive proof, such as the original promissory note, chain of assignments from Fairway to U.S. Bank, and payment history. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006) (verification must confirm debt from records). The attorney, not an accountant or records custodian, lacks personal knowledge to authenticate the debt (Fed. R. Evid. 602), rendering the affidavit hearsay. *In re Veal*, 450 B.R. 897 (Bankr. N.D. Ill. 2011). Accepting the affidavit as "cause" for stay relief (11 U.S.C. § 362(d)) was a clear legal error, as Debtor's 1 2025 validation efforts show the debt remains disputed.

2. **Manifest Injustice:** The order enables eviction proceedings by U.S. Bank's counsel post-foreclosure (January 21, 2025), threatening Debtor's homestead rights (Minn. Stat. § 510.01) based on an unvalidated debt. Debtor's irregular income from cash jobs since 2024 (property management, IT, consulting, tutoring) and lack of a bank account for 8–10 months delayed Chapter 13 forms but show good-faith efforts to reorganize. These were not addressed at the hearing due to time constraints, unfairly prejudicing Debtor's ability to challenge the debt or propose a plan. Reinstating the stay preserves Debtor's rights to pursue debt validity claims (e.g., wrongful foreclosure) in state court.

**PRAYER FOR RELIEF**

Debtor respectfully requests that the Court vacate the Order, reinstate the automatic stay to preserve debt validity claims, require U.S. Bank to provide proper debt validation by October 16, 2025, allow Debtor 30 days to review the response, and award costs.

Date: October 10, 2025
Wagner, Robert Duane
c/o 18111 203rd Avenue Northwest, Big Lake, Minnesota
612-351-2163

**VERIFICATION**
I declare under penalty of perjury that the foregoing is true and correct.

_____  10-10-2025
Wagner, Robert Duane          [date]

THIS IS **NOT** A RESPA REQUEST

THIS IS A **TILA** REQUEST (Public Law 90-321)

**RECEIVED**
OCT 0 7 2025
TIME: 3:10
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

# COVER SHEET

**TO:**
- ☐ 1. **U.S. Bank National Association (NMLS# 402761)** – Minneapolis Office, 800 Nicollet Mall, Minneapolis, MN 55402 (651) 466-3000 Cert Mail: 70223330000173284085
- ☐ 2. **Liebo, Weingarden, Dobie & Barbee, P.L.L.P.**, 4500 Park Glen Road, Suite 300 Minneapolis, MN 55416 (952) 925-6888 Cert Mail: 70223330000173284092
- ☐ 3. **U.S. Bank National Association (NMLS# 402761)** – Ohio Office, 425 Walnut Street, Cincinnati, OH 45202 (513) 632-4234 Cert Mail: 7022 1670 0001 5059 6157
- ☐ 4. **Fairway Independent Mortgage Corporation**, 4750 S. Biltmore Lane, Madison, WI 53718 (866) 912-4800 Cert Mail: 7022 3330 0001 7328 4108

**CC:**
- ☐ 5. **U.S. Bankruptcy Court for the District of Minnesota**, 300 South 4th Street, Suite 301 Minneapolis, MN 55415 Case No: 25-42869 KAC
- ☐ 6. **Federal Trade Commission** – Headquarters, Consumer Fraud Issues 600 Pennsylvania Avenue NW Washington, DC 20580 Case No: 19353240I
- ☐ 7. **Securities and Exchange Commission** – Headquarters, ATTN: Gary Gensler, Chair 100 F Street NE Washington, DC 20549 Case No: 1759I-69I-I08-681
- ☐ 8. **Office of the Comptroller of the Currency** – ATTN: Michael J. Hsu, Acting Comptroller of the Currency 400 7th Street SW Washington, DC 20219 Case No: ~~Pending~~ CS0399886
- ☐ 9. **Minnesota Attorney General's Office** – Consumer Protection Division, ATTN: Keith Ellison 445 Minnesota Street, Suite 1400 St. Paul, MN 55101 Case No: 6349 8578 7902 8626 534
- ☐ 10. **Federal Deposit Insurance Corporation (FDIC)**, 550 17th Street NW Washington, DC 20429 Case No: 01935417
- ☐ 11. **Minnesota Department of Commerce**, 85 7th Place East, Suite 280 Saint Paul, MN 55101 Case No: 101575
- ☐ 12. **Ohio Attorney General's Office** – Consumer Protection Division, 30 East Broad Street, 14th Floor Columbus, OH 43215 Case No: 1579764331
- ☐ 13. **Office of Consumer Affairs, Division of Financial Institutions, Ohio Department of Commerce**, 77 South High St, 23rd Floor Columbus, Ohio 43215-6120 Case No: Pending
- ☐ 14. **Consumer Financial Protection Bureau**, PO Box 27170 Washington, DC 20038 Case No: 250929-24518828
  251001-24567890
  250930-24540734

RDW700904-DVL-250928.1      Debt Validation Letter      Page 1 of 10

THIS IS **NOT** A **RESPA** REQUEST
THIS IS A **TILA** REQUEST (Public Law 90-321)

# DEBT VALIDATION LETTER

**Notice to the Agent is Notice to the Principal,
Notice to the Principal is Notice to the Agent; UCC 1-202**

September 28, 2025

**To:** See Cover sheet

**From:** Wagner, Robert Duane

**Regarding:**
   Fairway Independent Mortgage Corporation:100392411205104031 and 8010500066
   US Bank Mortgage : 9903161613 and 9904026377
   Liebo, Weingarden, Dobie & Barbee, PLLP: 19-24-001450 EV and 24-001450

Be advised this is **not** a refusal to pay, but a notice s ent pursuant to the **Fair Debt Collection Practices Act, Public Law 95-109** (enacted September 20, 1977), **15 USC § 1692g** stating your claim is disputed and validation/verification is requested.

Definitions:

   (a) **Verify**. To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." - *Black's Law 6th ed*

   (b) **Verification**. Verification. Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party. Sheeley v. City of Santa Clara, 215 Cal.App.2d 83, 30 Cal.Rptr. 121, 123. "Sworn or equivalent confirmation of truth." - *Black's Law 6th ed*

This is NOT a RESPA request. This is a TILA request. This is a request for VERIFICATION/ VERIFY, as defined by Black's Law 6th edition to confirm or substantiate by oath or affidavit, particularly for making formal oaths to accounts, petitions, pleadings, and other papers- confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition to assure good faith in your averments-and not merely proof of my mailing address or account statements in lieu of full accounting. I respectfully demand you offices provide me with competent evidence that I have any legal obligation to pay you as well as clarification as to which medium of exchange or lawful considerations is being requested as payment.

At this time, I will also inform you that if your offices have reported invalidated information to any of the 3 major credit bureaus (Equifax, Experian or TransUnion) this action may constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate in

THIS IS **NOT** A **RESPA** REQUEST

THIS IS A **TILA** REQUEST (Public Law 90-321)

bringing legal action against you and your client for the following: Violation of the Fair Credit Reporting Act, Violation of the Fair Debt Collection Practices Act, and Defamation of Character.

If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least <u>30 days</u> to investigate this information, during which time all collection activity must **cease and desist** (estop). Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, said action will be grounds for a suit. This includes any listing of any information to a credit reporting repository that could be inaccurate or invalidated.

<u>If your office fails to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.</u>

Sincerely,

*[signature]*

By: Wagner, Robert Duane, agent
For: ROBERT DUANE WAGNER, principal
All Rights Reserved - Without Prejudice

---

RDW700904-DVL-250928.1          Debt Validation Letter          Page 3 of 10

THIS IS **NOT** A **RESPA** REQUEST
THIS IS A **TILA** REQUEST (Public Law 90-321)

# CREDITOR/DEBT COLLECTOR DECLARATION

Provide all of the following information and submit the appropriate forms and paperwork within 10 days from the date of your receipt of this request for validation.

1.1. Name and Address of Alleged Creditor.

1.2. Name and Address on File of Alleged Debtor.

1.3. Alleged Account Number #.

1.4. Clarify in writing if the amount transferred into the account of the alleged debtor was made in lawful money or promissory notes.

1.5. Amount of Alleged Debt.

1.6. Date (that this alleged debt became payable).

1.7. Date of Original Charge or Delinquency.

1.8. Was this Debt assigned to a Debt Collector or Purchased?

1.9. Amount Paid if Debt was Purchased.

1.10. Clarify in writing which laws, if any, govern the alleged loan or promissory agreement.

1.11. Produce a copy of the original note or promissory note consisting of the wet ink signature of both the debtor and creditor.

1.12. Clarify wither or not you or your agency is asking for gold or silver coin as payment of this alleged debt or Private commercial paper (Federal Reserve Notes)

1.13. Banking transactions, or a check from the lender / creditor with the borrower's receipt of the face amount of the note.

**Attach copies of the following:**

2.0. Agreement with your client that grants **Liebo, Weingarden, Dobie & Barbee, PLLP,** the authority to collect this alleged debt.

2.1. Signed agreement Debtor has made with Debt Collector, or other verifiable proof Debtor has a contractual obligation to pay Debt Collector.

2.2. Any agreement that bears the signature of Debtor, wherein they agreed to pay the Creditor.

<u>THIS IS **NOT** A **RESPA** REQUEST</u>
THIS IS A **TILA** REQUEST (Public Law 90-321)

2.3. All statements while this account was open.

2.4. Banking transactions, or a check from the lender / creditor with the borrower's receipt of the face amount of the note.

2.5. Whether or not the amount in dispute is insured by a state or federal agency.

2.6. Whether or not a claim was made by said insurance agency and if the alleged creditor has received payment by said insurance agency.

2.7. If the debt was sold, how much was it sold for, along with proof of sale and the contact information of the seller and buyer.

Additionally, provide the name and address of the bonding agent for **Liebo, Weingarden, Dobie & Barbee, PLLP**, in case legal action becomes necessary:

This is my 'Good Faith' attempt to clear up any misrepresentations or confusion concerning this matter, before taking any further actions.

Failure to provide relief within 10 days escalates to federal complaint in U.S. District Court, MN. All Rights Reserved – Without Prejudice UCC 1-308.

You must return this completed form along with copies of all requested information, assignments or other transfer agreements, which would establish your right to collect this alleged debt within 10 days from the date of your receipt of this letter.

Your claim cannot and WILL NOT be considered if any portion of this form is not completed and returned with copies of all requested documents. This is a lawful and legal demand for debt validation made pursuant to the **Fair Debt Collection Practices Act, Public Law 95-109** (enacted September 20, 1977), **15 USC 1692g**.

Allow 30 days for processing after I receive this information.

*[signature]*
By: Wagner, Robert Duane, agent
For: ROBERT DUANE WAGNER, principal
All Rights Reserved - Without Prejudice

THIS IS **NOT** A RESPA REQUEST

THIS IS A **TILA** REQUEST (Public Law 90-321)

# NOTICE OF INTENT TO SUE

# UPON FAILURE TO VALIDATE THE DEBT

Upon default to prove that any money was lent to me, you hereby are agreeing to have committed to promissory fraud through tacit acquiescence; and further agree that I have grounds to sue you and/or your agency and principal and/or who you represent for fraud, deceit, and breach of fiduciary duty as you have not and never intended to lend me any money.

The alleged promissory note, upon your failure to prove the borrower's receipt of the face amount of the note, is null and void for fraud and breach of trust on the part of the lender and violative of law as there is an insufficiency of consideration. Since you never fulfilled your portion of the agreement and never transferred any money.

The nature of a promissory note is that of a certain sum of money being borrowed, this requires a sum of money, in full or in increments, to be transferred, sent or wired, either by check, direct deposit, the transfer of hard assets or money order, to the borrower (debtor).

Put simply the money must first have been lent. As the payment of the debt is predicated on the promissory note and the note relies on the parties fulfilling their obligations.

The bank never sent any transaction, check, money order, deposit, or cash to the borrower, thereby creating no debt. But the individual is still listed as a borrower, although money has never been given.

This is not only fraud, as the bank never intends to give any money. The bank is in breach of their fiduciary duty as the bank promises to lend the money and never does. The fraud takes place by the banks promise to lend and the now deceived alleged borrower is now sending real payments to the bank for a loan the never received.

**Bailey v. Glover, 21 Wall. 342, 347 (1875)** ("[W]hen the object of the suit is to obtain relief against a fraud, the bar of the statute does not commence to run until the fraud is discovered or becomes known to the party injured by it.").

**70 Am. Jur. 2nd Sec. 50, VII Civil Liability** "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows, 91 U.S 426. "Fraud vitiates everything" Boyce v. Grundy, 3 Pet. 210 "Fraud vitiates the most solemn contracts, documents and even judgments."

" ' "Promissory fraud" is a subspecies of fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud.' " (**Engalla v. Permanente Medical Group, Inc. (1997)15 Cal.4th 951, 973-974 [64 Cal.Rptr.2d 843, 938 P.2d 903]**, internal citations "one is liable for fraudulent deceit if he' deceives another with intent to induce him to alter his position to his injury or risk . . . .' Section 1710 of the Civil Code

THIS IS **NOT** A **RESPA** REQUEST

THIS IS A **TILA** REQUEST (Public Law 90-321)

defines deceit for the purposes of Civil Code section 1709 as, inter alia, '[a] promise, made without any intention of performing it.' ' "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."[Citations.]' Each element must be alleged with particularity." (Beckwith v. Dahl(2012) 205 Cal.App.4th 1039, 1059-1060 [141 Cal.Rptr.3d 142], internal citations omitted.)

"A promise of future conduct is actionable as fraud only if made without a present intent to perform. 'A declaration of intention, although in the nature of a promise, made in good faith, without intention to deceive, and in the honest expectation that it will be fulfilled, even though it is not carried out, does not constitute a fraud.' Moreover, ' "something more than nonperformance is required to prove the defendant's intent not to perform his promise." . . . [I]f plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury.' " (**Magpali v. Farmers Group, Inc. (1996) 48 Cal.App.4th 471, 481 [55 Cal.Rptr.2d 225]**, internal citations omitted.)

"[I]n a promissory fraud action, to sufficiently allege[] defendant made a misrepresentation, the complaint must allege (1) the defendant made a representation of intent to perform some future action, i.e., the defendant made a promise, and (2) the defendant did not really have that intent at the time that the promise was made, i.e., the promise was false." (**Beckwith, supra, 205Cal.App.4th at p. 1060.**)

"An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a [written] contract. [Citations.] In such cases, the plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a contract." (**Austin v. Medicis (2018) 21 Cal.App.5th577, 588 [230 Cal.Rptr.3d 528].**)

"...fraud may encourage attempts to convert contractual disputes into litigation over alleged fraud. To be sure, fraud requires proof of the additional elements of intent and reliance. But these can so easily be inferred from any broken promise that promissory fraud may in fact open the door to attempts to enforce oral promises through tort causes of action under the guise of a promise made without intention to perform. **Bank of America etc. Assn. v. Pendergrass (1935) 4 Cal.2d 258 (Pendergrass)**

**Grant v. Weatherholt (1954) 123 Cal. App. 2d 34, 42-44 [266 P.2d 185].** In the leading case of Grant v. Weatherholt, supra, the court reasoned: "Plaintiff's cause of action for fraud is not 'for the collection of compensation for the performance of any act or contract for which a license is required.' Plaintiff's right is the outgrowth of the deceit practiced upon him by the defendants. The validity or invalidity of his contract does not affect that right. Proof of the contract under the cause of action for fraud was merely proof of the circumstances under which plaintiff's services were rendered and his money was expended.

<u>THIS IS **NOT** A RESPA REQUEST</u>
<u>THIS IS A **TILA** REQUEST (Public Law 90-321)</u>

"In upholding the jury's verdict in favor of the plaintiff, we recognized what we referred to as the "fraudulent promise" rule, stating that "fraud may be predicated upon the failure to perform a promise where the promise is the device [used] to accomplish the fraud." **113 W.Va. at 32, 166 S.E. at 702** (internal quotation omitted). TRADERS BANK, SUPREME COURT OF APPEALS OF WEST VIRGINIA Plaintiff Below, Petitioner v. SHERMAN DILS III, PAMELA DILS, AND DILS RENTALS, INC., Defendants Below, Respondents

**Bluestone Coal Corp. v. CNX Land Resources, Inc., 2007 WL 6641647 at p. 6 (S.D. W.Va. 2007)** (discussing elements of fraudulent inducement as requiring proof of alleged fraudulent promise that preceded creation of written contract).

See **Cardinal State Bank, 184 W.Va. at 156, 399 S.E.2d at 867** (stating that "[f]raud, together with a showing of illegality, duress, mistake, or insufficiency of consideration are among the well recognized exceptions to the parol evidence rule"); Syl. Pt. 3, in part, Iafolla v. Douglas Pocahontas Coal Corp., 162 W.Va. 489, 250 S.E.2d 128 (1978) (recognizing that "in the absence of fraud, mistake, or material misrepresentations extrinsic evidence cannot be used to alter or interpret language in a written contract").

**BREACH OF FIDUCIARY DUTY AS AN INDEPENDENT CAUSE OF ACTION. In Kann v. Kann, 344 Md. 689 (1997),** and our jurisprudence that followed, this Court recognized a breach of fiduciary duty claim as an independent cause of action. To establish a breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. The remedy for the breach is dependent upon the type of fiduciary relationship, and the historical remedies provided by law for the specific type of fiduciary relationship and the specific breach in question, and may arise under a statute, common law, or contract. A breach of fiduciary duty cause of action should be analyzed on a caseby-case basis. If the plaintiff describes a fiduciary relationship, identifies a breach, and requests a remedy historically recognized by statute, contract, or common law applicable to the particular type of fiduciary relationship, the court should permit the count to proceed. The cause of action may be pleaded without limitation as to whether there is another viable cause of action to address the same conduct. To be clear, this does not mean that every breach will sound in tort, with an attendant right to a jury trial and monetary damages. The remedy will depend upon the specific law applicable to the specific fiduciary relationship at issue.

"To summarize our jurisprudence involving breach of fiduciary duty claims in the aftermath of **Kann,** this Court upheld specific claims for specific breaches of fiduciary duties in the following contexts: **Miller, 362 Md. at 387–88** (permitting an insurer to assert a breach of fiduciary duty claim for damages against an agent under agency principles); **Della Ratta, 382 Md. at 557** (affirming a circuit court's factual findings that a general partner had "breached his fiduciary duty and acted in bad faith" and upholding the circuit court's injunctive relief); **Clancy, 405 Md. at 565–72**.... "there is no universal or omnibus tort for the redress of breach of fiduciary duty by any and all fiduciaries[,]" the parties and the court are required to undertake the analysis outlined

THIS IS **NOT** A **RESPA** REQUEST
THIS IS A **TILA** REQUEST (Public Law 90-321)

in **Kann** to "identify the particular fiduciary relationship involved, identify how it was breached, consider the remedies available, and select those remedies appropriate to the client's problem." **Id. at 193 (quoting Kann, 344 Md. at 713). WILLIAM H. PLANK, II, et al. v. JAMES P. CHERNESKI, et al.**

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this Subpart shall be personally liable... **29 U.S. Code § 1109** - Liability for breach of fiduciary duty

Sincerely,

[signature]

By: Wagner, Robert Duane, agent
For: ROBERT DUANE WAGNER, principal
All Rights Reserved - Without Prejudice

**Disclaimer:**

This correspondence is intended for the designated recipient(s) only and may contain confidential information protected under the Privacy Act and applicable mail regulations. By receiving this communication, you agree to adhere to all relevant privacy laws and regulations.

Please be advised that any use of notary services or county recorder documentation referenced herein is strictly for verification purposes only. Such use does not constitute an entry into federal jurisdiction or any waiver of rights. The information provided is not intended to create any legal obligations beyond those expressly stated.

If you are not the intended recipient, please notify the sender immediately and delete this message. Any unauthorized review, use, disclosure, or distribution of this communication is strictly prohibited.

For any questions regarding this disclaimer or our privacy practices, please contact me directly.

THIS IS **NOT** A **RESPA** REQUEST

THIS IS A **TILA** REQUEST (Public Law 90-321)

## Notary Acknowledgment

STATE OF MINNESOTA
COUNTY OF ANOKA

On this **29th** day of **September, 2025**, before me, a Notary Public, personally appeared **Wagner, Robert Duane**, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument, and acknowledged that they executed the same for the purposes therein contained. Witness my hand and official seal.

_____
Notary Public's Name
Jenna Ione Kaltved

My commission expires: 1/31/2028

*[Notary Seal: Jenna Ione Kaltved, Notary Public, Minnesota, My Commission Expires 1/31/2028]*

## Certificate of Service

I certify that on September 30, 2025, I served the Debt Validation Letter via USPS certified mail to U.S. Bank National Association (tracking: 7022 1670 0001 5059 6157) and Fairway Independent Mortgage Corporation (tracking: 7022 3330 0001 7328 4108). Proof of delivery attached.

Date: October 7, 2025

                         *[signature]*
                         Wagner, Robert Duane

---

**Tracking Number:**
**70221670000150596157**

Copy    Add to Informed Delivery

**Latest Update**

Your item has been delivered to an agent. The item was picked up at USPS at 6:23 am on October 6, 2025 in CINCINNATI, OH 45203.

**Delivered to Agent**
Delivered to Agent, Picked up at USPS
CINCINNATI, OH 45203
October 6, 2025, 6:23 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

Get More Out of USPS Tracking:
USPS Tracking Plus®

---

**Tracking Number:**
**70223330000173284108**

Copy    Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 9:45 am on October 6, 2025 in MADISON, WI 53718.

**Delivered**
Delivered, Left with Individual
MADISON, WI 53718
October 6, 2025, 9:45 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

Get More Out of USPS Tracking:
USPS Tracking Plus®

---

**RECEIVED**

OCT 0 7 2025

TIME: 3:10

CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

## CERTIFICATE OF SERVICE

I certify that on October 10, 2025, I served this Motion and exhibits by USPS certified mail, return receipt requested, to:

- U.S. Bank National Association, 425 Walnut Street, Cincinnati, OH 45202

Tracking: 9589 0710 5270 2936 0626 30

- Fairway Independent Mortgage Corporation, 4750 S. Biltmore Lane, Madison, WI 53718

Tracking: 9589 0710 5270 2936 0626 61

- Liebo, Weingarden, Dobie & Barbee, P.L.L.P., 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416

Tracking: 9589 0710 5270 2936 0626 78

- Kyle L. Carlson, Trustee, 55 2nd Avenue SW, Barnesville, MN 56514

Tracking: 9589 0710 5270 2936 0626 92

I declare under penalty of perjury that the foregoing is true.

_____  10-10-25
Wagner, Robert Duane                 [date]

**RECEIVED**

**OCT 1 0 2025**

TIME: _____
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA