UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robert Duane Wagner

Debtor.

Chapter 13
Case No. 25-42869 KAC

RESPONSE TO MOTION FOR
RECONSIDERATION AND
MEMORANDUM OF LAW

**RESPONSE TO MOTION FOR RECONSIDERATION**

1.    U.S. Bank National Association, by its attorneys, responds to the debtor's motion for reconsideration and asks that the Court deny the motion. The Court correctly granted relief from stay to allow U.S. Bank to pursue the eviction action in state court because the redemption period expired and the debtor no longer has any property interest.

2.    Although the debtor did not properly notice or provide sufficient service of the motion under the Local Rules, without waiving any objections to the foregoing, U.S. Bank responds to the motion as follows:

    a.    The debtor's debt validation letters, whether sent in 2023 or in 2025, and whether the debtor received a response, are not issues that were relevant to the relief from the stay analysis under 11 U.S.C. § 362(d). The debtor did not cite any relevant authority in his defense to the underlying motion or in the motion for reconsideration, and U.S. Bank is not aware of any such authority. Simply put, the debtor's arguments have no bearing on whether U.S. Bank was entitled to relief from stay.

    b.    Despite the allegation otherwise (ECF No. 24 at ¶ 7), at the hearing, U.S. Bank's counsel did not state that the motion for relief from stay and

supporting documents "satisfies FDCPA requirements." Instead, U.S. Bank argued that the supporting documents submitted with its motion supported the motion for relief from stay and nothing else was required for that motion. The FDCPA claims and the debtor's demand for the original promissory note were not relevant to the motion, and U.S. Bank was not required to address the debtor's response regarding the FDCPA. U.S. Bank supported its motion with a copy of the recorded Sheriff's Certificate of Sale and the fact that the redemption period had expired without any redemption by the debtor.

      c.    Finally, the debtors arguments regarding the FDCPA and his letters requesting the original promissory note and mortgage are barred by the doctrines of res judicata and collateral estoppel.

## MEMORANDUM OF LAW

**I.    The Sheriff's Certificate of Sale Provided U.S. Bank with the Right to Pursue the Motion for Relief from Stay.**

U.S. Bank's right (or standing) to pursue the motion for relief from stay to continue with the eviction action was based on the recorded Sheriff's Certificate of Sale. U.S. Bank was not required to provide copies of the underlying promissory note or mortgage. "When so recorded, upon expiration of the time for redemption, the certificate shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance." Minn. Stat. § 580.12. "Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf

have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired." U.S. Bank is the fee owner of the subject property by virtue of its Sheriff's Certificate of Sale, and therefore U.S. Bank had the right to pursue the motion for relief from stay and was entitled to the relief requested.

U.S. Bank provided a copy of the recorded Sheriff's Certificate of Sale with its motion for relief from stay. The Sheriff's Certificate of Sale listed a sheriff's sale date of January 21, 2025, and the certificate listed a six-month redemption period, which expired on July 21, 2025. Under the Federal Rules of Evidence 1003 and 1005, the copy of the recorded document was sufficient, and under Rule 902(8) the acknowledgment on the certificate made the document self-authenticating. Thus, the Court properly granted the motion for relief from stay based on the motion and supporting documents.

II. **The Court May Deny the Debtor's Motion Based on the Doctrines of Res Judicata (Claim Preclusion) and Collateral Estoppel (Issue Preclusion).**

The Court may deny the motion pursuant to the doctrines of claim preclusion and issue preclusion. Claim preclusion bars a party from asserting a claim on which the party lost in previous litigation as well as any other claims that could have been raised in the prior litigation. Issue preclusion bars a party from relitigating issues that were determined in the prior litigation. Here, a federal court has already dismissed the debtor's claims and arguments regarding the note and mortgage and the failure to respond to certain letters requesting validation of the debt under the FDCPA or any other statute. *Wagner v. U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174

(D. Minn. Oct. 4, 2024). Thus, the debtor's arguments and claims here are barred by both doctrines.

### A.     The Court May Deny the Motion for Reconsideration Because the Arguments and Claims Are Barred by the Doctrine of Res Judicata.

The debtor already asserted the claims and arguments that he asserts in this motion, and therefore the Court may dismiss pursuant to the doctrine of res judicata. The doctrine of res judicata prevents the re-litigation of claims on grounds that were raised or could have been raised in a prior suit. *Banks v. Int'l Union Elec., Elec., Tech., Salaried and Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). Res judicata bars a claim if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). Pursuant to the doctrine of res judicata, a party cannot split his or her cause of action and bring successive lawsuits involving the same set of factual circumstances. A party must assert all alternative theories of recovery in the initial action.

In the prior case, the debtor asserted that U.S. Bank did not have the right to foreclose and that U.S. Bank could not enforce the underlying mortgage due to the separation of the note and mortgage, the failure to produce the original promissory note, and related claims regarding his letters and U.S. Bank's responses. *Wagner v. U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174, at *1 (D. Minn. Oct. 4, 2024). Thus, the first element is satisfied—the debtor is asserting the exact same

arguments and claims here. The second element is satisfied because the earlier claim involved the same parties or their privies, U.S. Bank and the debtor. "'Privies' to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011). U.S. Bancorp, the defendant in the prior litigation, and U.S. Bank, the movant in the underlying motion for relief from stay, are privies by virtue of their relationship as parent corporation and subsidiary. *See* ECF No. 15.

The third element is satisfied because the litigation resulted in a final judgment on the merits. *U.S. Bancorp*, No. 24-CV-1302 (SRN/DTS), 2024 WL 4421174 (D. Minn. Oct. 4, 2024). Finally, the fourth element is satisfied because the debtor had a full and fair opportunity to litigate the claims, and the court dismissed his complaint in that action with prejudice. *Id.*

The Court should therefore deny the motion for reconsideration because the U.S. District Court for the District of Minnesota has already dismissed the debtor's claims with prejudice, and the doctrine of res judicata prohibits the debtor from relitigating his claims here.

> **B. The Court May Deny the Motion for Reconsideration Because the U.S. District Court Already Decided the Issues that the Debtor Seeks to Litigate Here.**

The debtor already litigated the issues that he seeks to litigate here, and therefore the Court may deny the motion for reconsideration under the doctrine of issue preclusion.

> Issue preclusion "bars the relitigation of factual or legal issues that were determined in a prior . . . court action, and applies to bar relitigation in federal court of issues previously determined." *Banks v. Int'l Union Elec.*, 390 F.3d 1049, 1054 (8th Cir. 2004) (quotation omitted). Issue preclusion applies "if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." *Id.* "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

*Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1121 (8th Cir. 2023).

All of the elements of issue preclusion apply here for the same reasons that applied to the elements of claim preclusion. Accordingly, the Court should deny his motion under the doctrine of collateral estoppel.

## CONCLUSION

For all of the foregoing reasons, U.S. Bank respectfully requests that the Court deny the debtor's motion for reconsideration.

Dated:  October 15, 2025        LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P.


                    By: /s/ Kevin T. Dobie
                        Kevin T. Dobie, #388322
                        Attorney for U.S. Bank National Association
                        4500 Park Glen Road, #300
                        Minneapolis, MN 55416
                        (952) 925-6888
                        kevin@minnesotamortgagelaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robert Duane Wagner

                UNSWORN DECLARATION
                <u>FOR PROOF OF SERVICE</u>

Debtor.

Chapter 13, Case No. 25-42869 KAC

I, Kaye M. Jensen, employed on this date by LIEBO, WEINGARDEN, DOBIE & BARBEE, P.L.L.P., attorneys licensed to practice law in this court, with office address of Suite 300, 4500 Park Glen Road, Minneapolis, Minnesota 55416, declares that on October 15, 2025, I served the annexed Response to Motion for Reconsideration and Memorandum of Law upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Robert Duane Wagner
18111 203rd Ave NW
Big Lake, MN 55309

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Kyle Carlson, Chapter 13 Trustee

and by email to Robert Duane Wagner to sidcharming@gmail.com

                                                  <u>/s/ Kaye M. Jensen</u>
                                                  Kaye M. Jensen