## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 25-42869 |
| | Chapter 13 |
| Robert Duane Wagner, | |
| Debtor. | |

## RESPONSE TO MOTION TO VACATE

Kyle L. Carlson, Chapter 13 Trustee, responds and objects to the debtor's motion to vacate the Order dismissing this case.

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This response is brought pursuant to Federal Rules of Bankruptcy Procedure 9024.

2. As set forth in the Trustee's memorandum, the debtor's motion fails to satisfy the standards for excusable neglect set forth in Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b), that would justify vacating the dismissal order and reinstating his Chapter 13 case.

WHEREFORE, the Trustee requests that the Court deny the motion to vacate.

| | |
|---|---|
| Dated:   11/21/2025 | s/ Kyle L. Carlson |
| | Kyle L. Carlson, Trustee |
| | Chapter 12 & 13 Trustee |
| | PO Box 519 |
| | Barnesville, MN  56514 |
| | 218-354-7356 |

## VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

| | |
|---|---|
| Dated:   11/21/2025 | s/ Kyle L. Carlson |
| | Kyle L. Carlson, Trustee |

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 25-42869 |
| Robert Duane Wagner, | Chapter 13 |
| Debtor. | |

**MEMORANDUM OF LAW**

## I.   Facts

The debtor voluntarily filed this Chapter 13 case on September 3, 2025.  The debtor did not file with the petition the following documents:

1. Declaration About an Individual Debtor's Schedules (Form 106Dec)
2. Summary of Your Assets and Liabilities and Certain Statistical Information
3. Schedule A/B: Property (Form 106A/B as revised 12/15)
4. Schedule C: The Property You Claim as Exempt
5. Schedule D: Creditors Who Have Claims Secured by Property
6. Schedule E/F: Creditors Who Have Unsecured Claims
7. Schedule G: Executory Contracts and Unexpired Leases
8. Schedule H: Your Codebtors
9. Schedule I: Your Income
10. Schedule J: Your Expenses
11. Statement of Financial Affairs for Individuals Filing for Bankruptcy
12. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
13. Chapter 13 Calculation of Your Disposable Income
14. Statement Under Penalty of Perjury re: Payment Advice Due Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv)
15. All payment advices or other evidence of payment received within 60 days before the date of the petition from any employer;
16. Chapter 13 Plan

*See* Doc. 12 at 2-3.  On September 3, 2025, the Court provided the debtor notice of these filing deficiencies, and stated that:

> All documents identified above must be filed by September 17, 2025. If the debtor(s) needs additional time to file the documents identified above, the debtor(s) must ask the court for more time on or before September 17, 2025. See 11 U.S.C. §§ 521 and 1307 and Fed. R. Bankr. P. 1007(c) for more information.

Doc. 13. On September 22, 2025, five days after the deadline to file the documents, the debtor filed a motion to extend the time to file documents requesting an extension to October 9, 2025. Doc. 17. Hearing on that motion was scheduled for October 22, 2025. The debtor did not file the required documents by October 9th, nor did he appear for the hearing on October 22nd. During the pendency of this case, the debtor made no payments to the Trustee and failed to attend his Section 341 meeting of creditors. Based on the debtor's failure to file required documents, the Court dismissed the case on October 30, 2025. Twenty days later, on November 19, 2025, the debtor filed the motion to vacate the order dismissing the case.

In the debtor's motion to vacate, the debtor asserts that the dismissal order should be vacated based on "excusable neglect." Doc. 32 at 3. To support that claim, the debtor asserts that:

- The debtor believed in good faith that filing schedules and a plan treating a disputed and potentially enforceable $270,000 claim as fully valid would violate his duty of accuracy to the Court and render confirmation impossible.

- There is no prejudice [to creditors].

- The length and impact of delay is negligible.

- The debtor has no income.

- The debtor uncovered material misrepresentations by the largest creditor that go directly to claim allowability and plan feasibility.

- The debtor has appeared at every hearing and filed substantive pleadings.

## II. Federal Rule of Bankruptcy Procedure 9024

Colloquially called a motion to reinstate or vacate, the debtor is seeking relief from the order dismissing his case under Federal Rule of Bankruptcy Procedure 9024. Rule 9024 specifies, with some exceptions, that Federal Rule of Civil Procedure 60 applies in bankruptcy cases. Rule 60(b) provides, in relevant part, that a court may relieve a party from a final judgment or order for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, or (6) any other reason that justifies relief. In this case, the debtor's motion asserts "excusable neglect" as the basis for relief. The Trustee asserts that the debtor has failed to establish excusable neglect that would justify reinstating his Chapter 13 case.

## III. Mistake, inadvertence, surprise, or excusable neglect – Rule 60(b)(1)

"Rule 60(b) relief provides 'extraordinary relief' which should be granted only upon an adequate showing of exceptional circumstances." *In re Barger*, 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998) citing *Baxter Int'l. Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir.1993).

The debtor was made aware of his obligations, requested additional time to comply, ultimately had additional time in which to comply, but failed to do so. The debtor failed to file <u>all documents</u> required to be filed under Section 521(a)(1)(B). Such documents are required to

3

be filed within 14 days of the filing of the case pursuant to Federal Rule of Bankruptcy Procedure 1007(c)(1). The debtor also failed to file a plan within 14 days of the filing of his case, as required under Section 1321 and Federal Rule of Bankruptcy Procedure 3015(b)(1). Notably, the debtor was given substantial time beyond the September 17, 2025 deadline, with the Court ultimately dismissing the case over a month later on October 30, 2025.

The debtor also did not make any payments to the Trustee, which are required to commence within 30 days of the filing of the case under Section 1326(a)(1). 11 U.S.C. § 1326(a)(1) ("Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier…."). The debtor also failed to appear for his Section 341 meeting of creditors - a debtor's attendance and availability for examination under oath at that hearing is mandatory. *See* 11 U.S.C. § 343 ("The debtor shall appear and submit to examination under oath at the meeting of creditors."); Fed. R. Bankr. P. 4002(a)(1) ("the debtor must attend and submit to an examination when the court orders.").

While the debtor may have legitimate concerns regarding the enforceability of a claim, it does not eliminate or excuse his duty to timely file documents by the deadlines prescribed by the Bankruptcy Code. His concerns likewise do not eliminate or excuse his duty to timely commence payments to the Trustee or attend his Section 341 meeting of creditors for examination under oath. In other words, the debtor's neglect in filing documents, filing a plan, making payments to the Trustee, and attending the Section 341 meeting of creditors is not excusable. The Trustee asserts that the debtor has not demonstrated "exceptional circumstances" that would justify the reinstatement of his case under Rule 60(b).

### IV. Conclusion

Based on the foregoing, the Trustee requests that the debtor's motion to vacate the order dismissing his case be denied.

Dated:   11/21/2025                                          s/ Kyle L. Carlson
                                                             Kyle L. Carlson, Trustee

### VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   11/21/2025                                          s/ Kyle L. Carlson
                                                             Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 25-42869 |
| | Chapter 13 |
| Robert Duane Wagner, | |
| Debtor. | |

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Trustee's Objection to Motion to Vacate Order Dismissing Case upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Robert Duane Wagner
18111 203RD AVE NW
BIG LAKE, MN 55309

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 11/21/2025

s/ Josh Wiczek
Josh Wiczek
Chapter 13 Office

5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  
                                        BKY 25-42869  
Robert Duane Wagner,                         Chapter 13

      Debtor.

**ORDER**

This case is before the Court for hearing on the debtor's motion to vacate the Order Dismissing Case.

    IT IS ORDERED:

The debtor's motion is DENIED.

Dated:

_____  
Katherine A. Constantine  
Chief United States Bankruptcy Judge